**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOSE STRAYHORN,<br><br>　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,[1]<br>Acting Commissioner of the Social Security Administration,<br><br>　Defendant. | )<br>)<br>)<br>)<br>)　Case No. 1:20-CV-240-NAB<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER[2]**

This matter is before the court on Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [Doc. 25.] Plaintiff requests attorney's fees in the amount of $1,442.10, at the rate of $156.75 per hour for 9.2 hours of work between January 28, 2020 and July 16, 2021. Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("the Commissioner"), does not object to Plaintiff's request for attorney's fees, nor the amount requested. [Doc. 26.] Based on the following, the Court will award Plaintiff attorney's fees in the amount of $1,442.10.

**I.     Factual and Procedural Background**

Plaintiff Jose Strayhorn filed this action, pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying Plaintiff's application for disability insurance

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 14.]

benefits and supplemental security income under the Social Security Act. [Doc. 1.] On July 16, 2021, the Court issued a Memorandum and Order and Judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g). [Docs. 23, 24.] Plaintiff filed a request for attorney's fees under EAJA on July 29, 2021. [Doc. 25.] Defendant filed a response on August 11, 2021. [Doc. 26.]

## II.      Standard of Review

"[A] court shall award to a prevailing party . . . fees and other expenses, . . . incurred by that party in any civil action (other than in cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that that position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of fees and other expenses must (1) submit to the court an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award; (2) provide the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; (3) allege that the position of the United States was not substantially justified; and (4) make the application within thirty days of final judgment of the action. 28 U.S.C. § 2412(d)(1)(B). The determination of whether the position of the United States was substantially justified shall be determined on the basis of the record made in the action for which the fees are sought. *Id.* "In sentence four [remand] cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the Court and the appeal period has run so that the judgment is no longer appealable." *Melkonyan*

*v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G)) ("Final judgment" means a judgment that is "final and not appealable.")).

"A disability benefits claimant is a prevailing party if the claimant ultimately obtains the benefits sought on appeal to the district court." *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (citing *Sullivan v. Hudson*, 490 U.S. 877, 886-87 (1990); *Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir. 1986) (plaintiff must have received some, but not necessarily all benefits sought in the action)). "Obtaining a sentence-four judgement reversing the [Commissioner's] denial of benefits is sufficient to confer prevailing party status." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

### III.    Discussion

In this action, the Court finds that Plaintiff has demonstrated that an award of attorney's fees under EAJA is appropriate in this matter. First, Plaintiff is a prevailing party in this action because he has obtained a reversal of the Commissioner's denial of his application for benefits. [Doc. 24.]

Second, Plaintiff's application for attorney's fees is reasonable. Plaintiff requests attorney's fees in the amount of $1,442.10 at the rate of $156.75 per hour for 9.2 hours of work between 2020 and 2021. Plaintiff included an itemized statement from his attorney stating the actual time expended and the rate at which the attorney's fees were computed. Therefore, the Court will award Plaintiff attorney's fees for a total of 9.2 hours of work.

EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). "In determining a reasonable attorney's fee, the court will in each

case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved." *Richardson-Ward v. Astrue*, No. 4:07-cv-1171-JCH, 2009 WL 1616701, at *1 (E.D. Mo. June 9, 2009). "The decision to increase the hourly rate is at the discretion of the district court." *Id.* at *2. "[W]here, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125.00] per hour, enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Plaintiff's counsel cited evidence from the United States Department of Labor, explaining the change in the cost of living from 1996 when the $125.00 hourly limitation became effective, to 2005. Defendant does not contest the hourly rate, the total fee request, nor the number of hours itemized in the invoice. Upon consideration of these facts, the Court finds that the hourly rate, number of hours expended, and total fee award of $1,442.10 is reasonable. As alleged by Plaintiff, the Court finds that Defendant's position was not substantially justified. Plaintiff's application for fees was timely filed. Therefore, the Court will award Plaintiff $1,442.10 in attorney's fees at the rate of $156.75 per hour for 9.2 hours of work between 2020 and 2021.

EAJA requires that the attorney's fee award be awarded to the prevailing party, in this case Plaintiff, not Plaintiff's attorney. *Astrue v. Ratcliff*, 560 U.S. 586, 591 (2010) ("the term 'prevailing party' in fee statutes is a 'term of art' that refers to the prevailing litigant"). Awards of attorney's fees to the prevailing party under EAJA are "subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Id.* at 589. Any award for attorney's fees must be subject to any government offset, even if Plaintiff has assigned his right to the award to

his attorney. Therefore, the Court will direct the Commissioner to make Plaintiff's attorney's fee award payable to Plaintiff as directed below, subject to any pre-existing debt Plaintiff owes to the United States.

### IV. Conclusion

Based on the foregoing, the Court will award Plaintiff's attorney's fees in the amount of $1,442.10.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act is **GRANTED**. [Doc. 25.]

**IT IS FURTHER ORDERED** that the Social Security Administration shall remit to Plaintiff, attorney's fees in the amount of $1,442.10, subject to any pre-existing debt that the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel Andrew R. Tarry at 815 Independence, Cape Girardeau, Missouri 63703.

*[signature]*

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of August, 2021.